SCHMIDT, by Guardian *ad litem,* Respondent, vs. DORN and another, Appellants.

*October 4—November 9, 1954.*

For the appellants there was a brief by *McLeod & Donohue* of Fond du Lac, and oral argument by *Joseph D. Donohue*.

For the respondent there was a brief and oral argument by *Edgar E. Becker* of Appleton.

BROADFOOT, J. The defendants contend that the court erred in submitting a question as to the manner in which Dorn made a left turn, first, because there was no allegation thereof in the complaint, and second, because they claim there is no credible evidence in the record to sustain the answer by the jury to that question.

It is true that the complaint does not allege negligence in the language of the question. However, it was there alleged that Dorn was negligent in operating his vehicle to the left of the center of the highway. This was a sufficient allegation to raise the issue, and we find no objection in the record to the form of the question. Several witnesses testified to the position of Mrs. Schmidt's body immediately after the accident. There was a street light hanging above the center of the intersection from a cable suspended between a pole located at the southeast corner of the intersection and one located at the northwest corner of the intersection. Two witnesses testified that her body was located about 10 feet northwest from the pole on the southeast corner of the intersection. Sec. 85.17 (2), Stats., provides that the operator of a vehicle turning left at an intersection shall make such turn from the traffic lane immediately to the right of and next to the center of the highway and shall pass immediately to the left of the center of the intersection and as close as practicable thereto and that he shall leave the intersection immediately to the right of such point. There is ample credible evidence

in the record from which it can be reasonably inferred that Dorn cut the corner and made a left turn too far to the south of the center of the intersection. This was clearly a violation of the statute and the answer of the jury that he was causally negligent in the manner in which he made the left turn is properly supported by the record.

The defendants next contend that there is no credible evidence to sustain the jury's finding that Dorn was negligent as to lookout. In its decision on motions after verdict the trial court answered this contention as follows:

"There is ample credible evidence to sustain the jury's finding of defendant's negligence as to lookout. The intersection in which the collision occurred was wide open and unobstructed; it was illuminated by an overhead center light. Defendant testified that as he approached the intersection he slowed down to three to five miles per hour at least a half block away from the intersection; that he was driving in low gear having changed to that gear before he got to the intersection; that he noticed the street lighting and the lights on his car were burning and were turned on the lower beam; that his lights were good; both his windshield wipers were working and wiping the windshield clean; that it was 'raining and sort of snow mixed;' that it was not freezing and the snow melted away and did not stick to the windshield or pavement; that the windows on both the right and the driver's sides of the car were open; there was no fog on the windshield; the street was not slippery; brakes on his car were in good condition; there was no traffic at the intersection, he met none and there was none behind him; that he made observation to the right and to the left but didn't know how far from the intersection he was when he made the first observation and that he made several observations; that he saw no one in a car or walking in the street anywhere; that he then made a left turn and immediately after he made the turn the impact happened; 'I just saw her and it hit just like that. She was right in front of the car on the right-hand side. I saw her and the impact occurred. She was right at the right-hand fender when I saw her. Had I seen her in time I would have been able to stop.' And on direct examination defendant testified,

'She was right in front of the car when I first saw her. She had her head down. I was facing southwest and she southeast, that would be in the path of the car.' With reference to seeing people whom the evidence shows were on the walks of the intersection at the time, defendant said, 'I could see up to the northwest corner but I didn't see anyone. I saw nobody at the intersection until she suddenly appeared there.'

"On his own testimony defendant is guilty of negligence as to lookout. He saw absolutely nothing at this intersection, not even the people on the corners, yet Mrs. Hanson, his own witness, has the plaintiff in the intersection hesitating for a six-count, then walking 'real fast,' then slowing up, then walking slowly, and 'now as the car was coming she was almost in the path of the light,' and Mrs. Hanson also said the plaintiff was then in the lane of traffic of a car coming from the east to the west, which is the direction defendant was driving."

In addition to the statements made by the trial court there was testimony that the police officers tested Dorn's car shortly after the accident and found that his windshield wiper on the right-hand side of the car was not working. This was the direction from which Mrs. Schmidt approached and was evidence that the jury could consider in determining its answer. We agree with the trial court that there was ample credible evidence to support this finding.

Finally, the defendants contend that Mrs. Schmidt was, as a matter of law, negligent to an equal or greater degree than Dorn. On the basis of the entire record the comparison of negligence was a question for the jury. We cannot say as a matter of law that the negligence of Mrs. Schmidt equaled or exceeded that of Dorn. The judgment must therefore be affirmed.

*By the Court.*—Judgment affirmed.